AO 241
(Rev. 06/13)

**16 - 373**

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware |
|---|---|

| Name (under which you were convicted): Thomas F. Kane | Docket or Case No.: |
|---|---|

| Place of Confinement: James A. Vaughn Correctional Center 1181 Paddock Road Smyrna, De 19977 | Prisoner No.: #00004908 |
|---|---|

| Petitioner (include the name under which you were convicted) Thomas F. Kane | Respondent (authorized person having custody of petitioner) David Pierce |
|---|---|
| v. | |

The Attorney General of the State of: Matthew Denn

### PETITION

FILED

MAY 19 2016 KC

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Superior Court of Delaware
Kent County Superior Court House
35 The Green, Dover, De 19901

(b) Criminal docket or case number (if you know): ID No.# 0619001860

2.   (a) Date of the judgment of conviction (if you know): February 29, 2008

(b) Date of sentencing: February 29, 2008

3.   Length of sentence: Life Plus 22 years

4.   In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

1 count First Degree Murder, Burglary First Degree, Endangering the Welfare of a Child, and Criminal Contempt of a Protection from Abuse Order.

6.   (a) What was your plea? (Check one)

☐ (1)  Not guilty         ☐ (3)  Nolo contendere (no contest)

☒ (2)  Guilty            ☐ (4)  Insanity plea

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?      None

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☐ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

      ☐ Yes    ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:    None

(b) Docket or case number (if you know):    none

(c) Result:    none

(d) Date of result (if you know):    None

(e) Citation to the case (if you know):    none

(f) Grounds raised:    none

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Name of court:    None

    (2) Docket or case number (if you know):    none

    (3) Result:    none

    (4) Date of result (if you know):    none

AO 241
(Rev. 06/13)

Page 4

(5) Citation to the case (if you know): _____ None _____

(6) Grounds raised: _____ none _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____ none _____

(2) Result: _____ none _____

_____

(3) Date of result (if you know): _____ none _____

(4) Citation to the case (if you know): _____ none _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _____ none _____

(2) Docket or case number (if you know): _____ none _____

(3) Date of filing (if you know): _____ none _____

(4) Nature of the proceeding: _____ none _____

(5) Grounds raised: _____ none _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____ none _____

(8) Date of result (if you know): _____ none _____

AO 241
(Rev. 06/13)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____ none _____

(2) Docket or case number (if you know): _____ none _____

(3) Date of filing (if you know): _____ none _____

(4) Nature of the proceeding: _____ none _____

(5) Grounds raised: _____ none _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _____ none _____

(8) Date of result (if you know): _____ none _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ none _____

(2) Docket or case number (if you know): _____ none _____

(3) Date of filing (if you know): _____ none _____

(4) Nature of the proceeding: _____ none _____

(5) Grounds raised: _____ none _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

(7) Result:    none

(8) Date of result (if you know):    none

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1) First petition:    ☐ Yes    ☒ No

    (2) Second petition:    ☐ Yes    ☒ No

    (3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    none

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    none

(b) If you did not exhaust your state remedies on Ground One, explain why:

    none

AO 241
(Rev. 06/13)

Page 7

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   none

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 61 Postconviction Motion For Relief

Name and location of the court where the motion or petition was filed:   Superior Court Of Delaware, Kent County Superior Courthouse, 35 the Green, Dover, De 19901

Docket or case number (if you know):   ID No. #0612001862

Date of the court's decision:   June 12 2013

Result (attach a copy of the court's opinion or order, if available):   Denied/Procedurally Barred

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Supreme Court Of Delaware, Supreme Court Building, 55 the Green, Dover, De 19901

Docket or case number (if you know):   No. 448, 2015

Date of the court's decision:   March 17, 2016 (Mandate Issued April 5, 2016)

Result (attach a copy of the court's opinion or order, if available):   Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☒  No

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐  Yes      ☒  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____ none

   Name and location of the court where the motion or petition was filed: _____ none

   _____ none

   Docket or case number (if you know): _____ none

   Date of the court's decision: _____ none

Result (attach a copy of the court's opinion or order, if available): _____ none _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☒ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☒ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ none _____

Docket or case number (if you know): _____ none _____

Date of the court's decision: _____ none _____

Result (attach a copy of the court's opinion or order, if available): _____ none _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ none _____

Name and location of the court where the motion or petition was filed: _____ none _____

Docket or case number (if you know): _____ none _____

Date of the court's decision: _____ none _____

Result (attach a copy of the court's opinion or order, if available): _____ none _____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ none _____

Docket or case number (if you know): _____ none _____

Date of the court's decision: _____ none _____

Result (attach a copy of the court's opinion or order, if available): _____ none _____

_____

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐   Yes      ☒   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  _____ None _____

AO 241
(Rev. 06/13)

Page 12

Name and location of the court where the motion or petition was filed:   none

Docket or case number (if you know):   none

Date of the court's decision:   none

Result (attach a copy of the court's opinion or order, if available):   none

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   none

Docket or case number (if you know):   none

Date of the court's decision:   none

Result (attach a copy of the court's opinion or order, if available):   none

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?     ☒ Yes        ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:                                            none

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐    Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.                                none

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☐    Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.                                                                none

_____

_____

_____

_____

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At preliminary hearing:   William 1 Deely, Esq., and Paul S. Swierzbinski, Esq

(b) At arraignment and plea:   Same

(c) At trial:   Same

(d) At sentencing:   Same

(e) On appeal:   none

(f) In any post-conviction proceeding:   none

(g) On appeal from any ruling against you in a post-conviction proceeding:   none

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:   none

(c) Give the length of the other sentence:   none.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?   ☐ Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner Pled Guilty But Mentally Ill, to which he was immediately
sentenced and spent the next year and half between the mental hospital and
prison infirmary. Trial counsel never communicated that he can remember any
thing about an appeal process and has never received anything in writing
from them.

Petitioner filed a timely amendment to his postconviction motion for relief, that the trial court initially granted where the ineffectiveness of his trial counsel conduct was raised among other grounds in reply to the Commissioner's Report and Recommendation. Whereas, he sited trial counsel for failing to inform him of any appealable issues regarding his sentencing under Strickland. Petitioner did not have another competency evaluation prior to trial and plea acceptance, despite the trial court knowledge of his numerous suicide attempts, combative behavior and in and out of mental hospital transfers from prison. His last competency evaluation was more than a year before the acceptance of the plea: see Sena v. New Mexico State Prison, 109 F. 3d at 655 (10th Cir. 1997)(reversible error when court failed to hold competency hearing prior to plea because court judge defendant to be incompetent 1 year earlier, made no determination that defendant's mental condition had since changed); U.S. v. Moxon, 52 F. 3d at 1292-93 (4th Cir. 1995)(due process violated by failure to conduct retrospective competency hearing because defendant's attempted suicide after conviction and postrial evaluations of treating physicians found defendant incompetent during 1st phase of trial. During the period of the trial process, defendant was disruptive in court and blamed the court as part of a conspiracy. Torres v. Prunty, 223 F. 3d at 1109 (9th Cir. 2000). Petitioner was off and on of medication, because of complaints that they were trying to kill him, by giving him wrong medications. Mc Gregor v. Gibson, 248 F. 3d at 955 (10th Cir. 2001).

Petitioner was not given adequate representation at any stage of the trial proceedings to ensure that he was provided effective assistance to protect his Sixth Amend. Right.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To reverse his state conviction and sentences, remand back to the Superior Court of Delaware for a new trial. With any other relief the court deems appropriate.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   May 3, 2016   (month, date, year).

Executed (signed) on   5/3/16   (date).

*   _Thomas Kane_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____



# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | RK06-12-1173-01 RK06-12-1173-02 |
| | ) | Murder 1st (F) |
| v. | ) | RK06-12-1175-01 RK06-12-1175-02 |
| | ) | Burglary 1st (F) |
| THOMAS F. KANE | ) | RK06-12-1177-01 RK06-12-1177-02 |
| | ) | Endangering Welfare of Child (M) |
| Defendant. | ) | RK06-12-1179-01 RK06-12-1179-02 |
| ID. No. 0612001862 | ) | Cr. Contempt of a Prot. Order (M) |

## ORDER

This 23rd day of July, 2015, upon consideration of the Defendant, Thomas Kane's ("Defendant") first filed Motion for Postconviction Relief; the State's Response; the Commissioner's Report and Recommendation; Defendant's Appeal of the Commissioner's Report and Recommendation; Defendant's second filed Rule 61 Motion; the facts and legal authorities set forth in the Rule 61 Motions; and, the entire record in this case, it appears that:

On February 29, 2008, the Defendant pled Guilty but Mentally Ill to one count of Murder in the First Degree, one count of Burglary in the First Degree, one count of Endangering the Welfare of a Child, and one count of Criminal Contempt of a Protection from Abuse Order. In exchange for his plea, the State *nolle prossed* the additional charges which included Murder in the First Degree, three counts of Possession of a Deadly Weapon During the Commission of a Felony, Possession of a Weapon by a Mental Patient, one count of Resisting Arrest, two counts of Possession of Drugs, one count of Driving Under the Influence and one count of Criminal Contempt of a Domestic Violence Protective Order. By pleading guilty, the





*State v. Thomas F. Kane*
ID No. 0612001862
July 23, 2015

Defendant avoided the possibility of facing the death penalty. Pursuant to the plea agreement, the Defendant was sentenced to life in prison.

Defendant did not appeal his conviction or sentence to the Delaware Supreme Court.

On August 10, 2010, the Defendant filed a motion for modification of his sentence which was rejected by this Court on October 22, 2010. On April 17, 2012, more than four years after the conviction became final, the Defendant filed his first motion for postconviction relief pursuant to Superior Court Criminal Rule 61, alleging six separate instances of ineffective assistance of counsel. The matter was referred to the Court Commissioner for findings of fact and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62. On June 12, 2013, Commissioner Freud issued her Report and Recommendation, recommending that the Court deny defendant's motion for postconviction relief. On June 17, 2013, the Defendant filed a motion for the appointment of counsel and a motion for an extension of time to file an appeal from the Commissioner's Report and Recommendation. Then, on June 21, 2013, the Defendant appealed the Commissioner's Report and Recommendation. On June 26, 2013, the Office of Conflicts appointed Mr. Funk to represent the Defendant. However, on October 7, 2014, Mr. Funk advised the Court that he intended to withdraw as he determined the Defendant's claims were without merit. An Order to withdraw was granted by this Court on November 18, 2014.

Meanwhile, on October 24, 2014, the Defendant filed a motion to amend his May 22, 2012 Motion for Postconviction Relief (the "first filed Rule 61 Motion").

2



*State v. Thomas F. Kane*
ID No. 0612001862
July 23, 2015

However, as explained above, by that time, the Commissioner had already issued her Report and Recommendation, which the Defendant subsequently appealed. As such, the Defendant's motion to amend his first filed Rule 61 Motion should have been denied. That said, on December 15, 2014, this Court mistakenly granted the Defendant's motion to amend and on December 20, 2014 the Defendant filed the present "amended Rule 61 motion." Rather than vacate the December 15, 2014 Order which was issued improperly, the Court will treat the "amended motion" as a Second Rule 61 Motion.

First, as to the Defendant's appeal from the Commissioner's Report and Recommendation, Defendant's appeal does not advance his motion for postconviction relief in any substantive way.

**NOW, WHEREFORE,** after a careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated October 15, 2013.

**IT IS ORDERED** that the well-reasoned Commissioner's Report and Recommendation is adopted by the Court and Defendant's Motion for Postconviction Relief is **DENIED** as procedurally barred for failure to prove cause and prejudice, and as meritless.

Turning to the Defendant's Second Rule 61 motion, (the "amended motion") he asserts four grounds for relief. Specifically, the Defendant contends that trial counsel was ineffective by: (1) "failing to know and apply applicable sentencing standards under condition of plea which would have led to the defendant receiving

3



*State v. Thomas F. Kane*
ID No. 0612001862
July 23, 2015

a substantially less sentence under murder but mentally ill"; (2) "failing to advice [sic] defendant of his right to appeal his sentence;" and (3) "failing to have defendant's mental state re-evaluated before entering guilty plea." The Defendant also contends that the "Trial Court committed plain error by abusing its discretion violating defendant's due process under the competency requirements to stand trial."

Particularly relevant to the Defendant's December 20, 2014 motion is Criminal Rule 61(i), which establishes the following bars to motions for postconviction relief: (1) the motion must be filed within one year of a final judgment of conviction;[1] and, (2) any motion for postconviction relief must satisfy Criminal Rule 61(d)(2).[2] Criminal Rule 61(d)(2) provides:

> (2) Second or subsequent postconviction motions. A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after trial and the motion either:
>
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[3]

---

[1] Super. Ct. R. Crim. P. 61(i)(1).

[2] Super. Ct. R. Crim. P. 61(i)(2).

[3] Super. Ct. R. Crim. P. 61(d)(2).

 

*State v. Thomas F. Kane*
ID No. 0612001862
July 23, 2015

Under the aforementioned Rule, the Defendant's December 20, 2014 motion is procedurally barred for two reasons. First, the motion was not filed within one year of final judgment. Second, the Defendant pled guilty to a variety of charges, and therefore, was not "convicted after a trial." As such, under 61(d)(2), any second or subsequent postconviction motion shall be summarily dismissed.

Notwithstanding the guilty plea, the Defendant's present motion nonetheless fails under 61(d)(2)(i) and (ii) because it does not plead with particularity the existence of new evidence, or that a new rule of constitutional law, made retroactive, applies here. Instead, the Defendant makes claims of ineffective assistance of counsel that were, or could have been, made in his first Rule 61 Motion filed on May 22, 2012.

**NOW, WHEREFORE,** for the reasons stated above, this Court summarily dismisses Defendant's Second Rule 61 Motion on procedural grounds.

**IT IS ORDERED** that Defendant's Second Motion for Postconviction Relief is **DENIED.**

_____
Resident Judge

WLWJr./dsc
oc:   Prothonotary
cc:   Commissioner Freud
        Stephen R. Welch, Jr., Esq. for DAG Kelleher
        William T. Deely, Esq.
        Paul S. Swierzbinski, Esq.
        Thomas F. Kane, VCC

5

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | RK06-12-1173-01 |
| | ) | Murder 1st (F) |
| v. | ) | RK06-12-1175-01 |
| | ) | Burglary 1st (F) |
| **THOMAS F. KANE** | ) | RK06-12-1177-01 |
| | ) | Endangering Welfare of Child (M) |
| Defendant. | ) | RK06-12-1179-01 |
| ID. No. 0612001862 | ) | Cr. Contempt of a Prot. Order (M) |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Dennis Kelleher, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Thomas F. Kane, *Pro se*.

FREUD, Commissioner
June 12, 2013

The defendant, Thomas F. Kane ("Kane"), pled Guilty but Mentally Ill (G.B.M.I.) to one count of Murder in the First Degree, 11 *Del. C.* § 636; one count of Burglary in the First Degree, 11 *Del. C.* § 826; one count of Endangering the Welfare of a Child, 11 *Del. C.* § 1102; and one count of Criminal Contempt of a Protection from Abuse Order, 11 *Del. C.* § 1271 on February 29, 2008. He had also





*State v. Kane*
ID No.  0612001862
June 12, 2013

been charged with an additional count of Murder in the First Degree; three counts of Possession of a Deadly Weapon During the Commission of a Felony, Possession of a Weapon by a Mental Patient, one count of Resisting Arrest, two counts of Possession of Drugs, one count of Driving Under the Influence and one count of Criminal Contempt of a Domestic Violence Protective Order. The remaining charges were *nolle prossed* by the State in exchange for Kane's plea. The Court sentenced Kane in accordance with the plea agreement to life in prison.

The charges stemmed from the brutal stabbing death of Kane's wife witnessed by their then nine year-old son. Kane was arrested while fleeing the home in possession of two bloody knives and a screwdriver. Kane confessed and expressed his remorse during his plea. Had he gone to trial and been found guilty on all counts he would have faced the death penalty. Clearly given his confession and the victims' statements, Kane's plea was extraordinarily beneficial to him.

Kane did not appeal his conviction or sentence to the Delaware Supreme Court. Kane filed a motion for modification of sentence on August 10, 2010 which the Court denied on October 22, 2010, On April 17, 2012, more than four years after the conviction became final, Kane filed the pending Rule 61 motion pursuant to Superior Court Criminal Rule 61, alleging ineffective assistance of counsel.

### KANE'S CONTENTIONS

In his motion, Kane raises three grounds for relief. Kane then states in his motion "Please see memorandum for Grounds 1 - 6; with appendix." Defense counsel and the State responded to grounds 1 - 6 as listed in the Memorandum as

2

 

*State v. Kane*
ID No.  0612001862
June 12, 2013

follows:

Ground one:

Prosecutorial misconduct, Ineffective Assistance of Counsel for State's threat of prosecution. Defense counsel coercion violated defendant's U.S, Constitution Amended 6th, 8th and 14th rights.

Ground two:

Trial Court Error; ineffective assistance of counsel when conflict of interest affected counsel's performance. Trial court failed to inquire. Counsel should have withdrawn or been disqualified.

Ground three:

Trial Court Error; Ineffective assistance of counsel for failure to present an adequate defense allowing defendant's involuntary statements, coercion and bad advice to take a plea which had absolutely no strategic value in violation of U.S. Const. Amend[.] 5th, 6th and 14th.

Ground four:

Trial court error; ineffective assistance of counsel for failure to reassess whether defendant was legally insane or competent to stand trial and/or plea. U.S. Const. Amend. 6 and 14.

Ground five:

Prosecutorial misconduct; ineffective assistance of counsel for State's improper and inflammatory statements

3



*State v. Kane*
ID No.  0612001862
June 12, 2013

                              made during sentencing phase was a
                              violation of defendant's U.S. Const.
                              Amend. 6th, 8th and 14th rights.

        Ground six:           Trial court error; ineffective assistance
                              of counsel for failure not to examine
                              "all" appropriate reports before
                              accepting mentally ill plea and
                              sentencing; 11 *Del. C.* § 408(a);U.S.
                              Const. Amend. 6 and 14.

## DISCUSSION

Under Delaware law, the court must first determine whether Kane has met the

strict procedural requirements of Superior Court Criminal Rule 61(i) before it may

consider the merits of the postconviction relief claims.[1]   The pending motion was

filed more than four years after his sentencing, and the time to file a direct appeal, and

is therefore procedurally under Rule 61(i)(1), unless he asserts a retroactively

applicable right that is newly recognized after the judgment of conviction. Kane has

not alleged such a right. Therefore Kane's motion filed in April 2012 is clearly time

barred and thus procedurally barred.   Rule 61(i)(5) states: "The bars to relief in

paragraphs (1), (2) and (3) of this subdivision shall not apply to a claim that the court

lacked jurisdiction or to a colorable claim that there was a miscarriage of justice

because of a constitutional violation that undermined the fundamental legality,

reliability, integrity or fairness of the proceedings leading to the judgement of

---

[1] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).



*State v. Kane*
ID No.  0612001862
June 12, 2013

conviction."[2]  Kane has not raised a jurisdictional claim and so, must rely on the second prong of this exception.  This exception is a narrow one, applying only when there has been a mistaken waiver of fundamental constitutional rights.[3]  Additionally Kane bears the burden of proving he has been deprived of substantial rights.[4]  I do not find that Kane has sufficiently demonstrated a constitutional violation which would qualify under Rule 61(i)(5) and overcome the procedural bars of Rule 61(i)(1).

Despite the clear procedural bar under Rule 61(i)(1), I will briefly address Kane's arguments for the benefit of the Court.  None of Kane's claims were raised at the plea or sentencing.  Therefore, they are additionally barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice.  All of Kane's allegations can be construed as based on ineffective assistance of counsel; therefore, the Court could treat these claims as having alleged cause for his failure to have raised them earlier.

Rule 61(i)(3) would not bar relief as to Kane's grounds for relief,[5] provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions.  To prevail on his claim of ineffective assistance of counsel, Kane must meet

---

[2]  Super. Ct. Crim. R. 61(i)(5).

[3]  *Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

[4]  *Bailey* at 1130.

[5]  Only assuming that he passed the initial time bar.

5



*State v. Kane*
ID No. 0612001862
June 12, 2013

the two prong test of *Strickland v. Washington*.[6] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[7] The failure to establish that a defendant would not have plead guilty and would have proceeded to trial is sufficient cause for denial of relief.[8] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[9] When examining the representation of counsel pursuant to the first prong of the Strickland test, there is a strong presumption that counsel's conduct was

---

[6] 466 U.S. 668 (1984); *Larson v. State*, 1995 WL 389718 (Del. June 23, 1995); *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992); *Albury v. State*, 551 A.2d 53 (Del. 1988).

[7] *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland*, 466 U.S. at 688, 694; *accord Larson*, 1995 WL 389718; *Blanchfield v. State*, 1994 WL 590536 (Del. Oct.18, 1994); *Skinner*, 607 A.2d at 1172; *Albury*, 551 A.2d at 58.

[8] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[9] *Younger*, 580 A.2d at 556; *Skinner v. State*, 1994 WL 91138 (Del. Mar. 3, 1994).



*State v. Kane*
ID No. 0612001862
June 12, 2013

professionally reasonable.[10]   This standard is highly demanding.[11]  Strickland
mandates that when viewing counsel's representation, this Court must endeavor to
"eliminate the distorting effects of hindsight."[12]

Following a complete review of the record in this matter, it is abundantly clear
that Kane has failed to allege any facts sufficient to substantiate his claim that his
attorney was ineffective.  I find counsel's affidavit, in conjunction with the record,
more credible than Kane's vague and entirely unsubstantiated contention that his
counsel's representation was ineffective. Kane's counsel clearly and unequivocally
deny the allegations. The crux of Kane's allegations revolve around his complaint that
he was coerced into pleading guilty and that his counsel did not pursue alternate
defenses.  Kane and his attorneys discussed the case prior to the entry of the plea.
The plea bargain was clearly advantageous to Kane who was witnessed by his son
stabbing the victim multiple times and who was apprehended in flight from the scene
of the crime with the murder weapons in his possession.  Kane was facing the death
penalty had he gone to trial and been found guilty.  Counsel's representation was
certainly well within the range required by Strickland.  Additionally, when Kane
entered his guilty plea, he stated he was satisfied with defense counsel's performance.
He is bound by his statement unless he presents clear and convincing evidence to the

---

[10] *Albury*, 551 A.2d at 59 (*citing Strickland*, 466 U.S. 689); *see also Larson*, 1995 WL
389718; *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[11] *Flamer*, 585 A.2d at 754.

[12] *Strickland v. Washington*, 466 U.S. 668, 639 (1984).



*State v. Kane*
ID No.  0612001862
June 12, 2013

whether he gave truthful answers to all the questions on the form. The Court asked
Kane if he had discussed the guilty plea and its consequences fully with his attorney.
The Court asked Kane if he was giving the plea of his own free will because he was
in fact guilty. The Court asked Kane if he was aware he would be waiving his right
to a suppression hearing by pleading guilty. The Court also asked Kane if he was
satisfied with his counsel's representation. Finally, the Court asked Kane if he was
in fact guilty of the charges.  Kane answered each of these questions clearly and
affirmatively.[16] Thereafter Kane asked to make a statement wherein he apologized to
the victim's family, and took responsibility for his actions.[17] I find counsel's
representations far more credible than Kane's self-serving allegations.

Furthermore, prior to entering his guilty plea, Kane signed a Guilty Plea Form
and Plea Agreement in his own handwriting. Kane's signatures on the forms indicate
that he understood the constitutional rights he was relinquishing by pleading guilty
and that he freely and voluntarily decided to plead guilty to the charges listed in the
Plea Agreement. Kane is bound by the statements he made on the signed Guilty Plea
Form unless he proves otherwise by clear and convincing evidence.[18] I confidently

---

[16] *State v. Kane*, Del. Super., ID No. 0612001862 (Feb. 29, 2008), Tr. of Plea and Sentencing
at pp. 5-11.

[17] *Id.* at pp. 13-14.

[18] *Sommerville, v. State*, 703 A. 2d 629, 632 (Del. 1997);  *Hickman v. State*, 1994 WL
590495, at *1 (Del. Oct. 11, 1994); *Smith v. State*, 1990 WL 1475, at *1 (Del. Jan. 4, 1990). *See also*
*Sullivan v. State*, 636 A.2d 931, 938 (Del. 1994) (ruling the fact that defendant filled out Truth In
(continued...)

9



*State v. Kane*
ID No.   0612001862
June 12, 2013

find that Kane entered his guilty plea knowingly and voluntarily and that Kane's grounds for relief are completely meritless.

I find Kane's motion was untimely filed and is barred by Rule 61 (i)(1). I also find that Kane's counsel represented him in a competent and effective manner and that Kane has failed to demonstrate any prejudice stemming from the representation. Finally, I find that Kane's guilty plea was entered knowingly and voluntarily. Consequently, I recommend that the Court deny Kane's motion for postconviction relief as procedurally barred and meritless.

_____
Commissioner Andrea Maybee Freud

AMF/dsc
oc:   Prothonotary
cc:   Hon. William L. Witham, Jr.
       Dennis Kelleher, Esq.
       William T. Deely, Esq.
       Paul S. Swierzbinski, Esq.
       Thomas F. Kane, VCC
       File

---

[18](...continued)
Sentencing Guilty Plea Form in defendant's own handwriting supported the Superior Court's conclusion that defendant's decision to plead guilty was knowing and voluntary).

10

# MANDATE

## THE SUPREME COURT OF THE STATE OF DELAWARE

TO:   Superior Court of the State of Delaware:

*GREETINGS:*

**WHEREAS**, in the case of:

### *State of Delaware v. Thomas F. Kane*

Cr. ID No. 0612001862

a certain judgment or order was entered on the 23rd day of July 2015, to which reference is hereby made; and **WHEREAS**, by appropriate proceedings the judgment or order was duly appealed to this Court, and after consideration has been finally determined, as appears from the Order dated March 17, 2016, a certified copy of which is attached hereto;

**ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED** that the order or judgment be and is hereby **AFFIRMED**.

/s/ *Cathy L. Howard*
_____
Clerk of Supreme Court

Issued:  April 5, 2016

Supreme Court No. 448, 2015

**STATE OF DELAWARE**    }
                              } ss.
**KENT COUNTY**               }

       I, Cathy L. Howard, Clerk of the Supreme Court of the State of Delaware, do hereby certify that the foregoing is a true and correct copy of the Order dated March 17, 2016, in ***Thomas F. Kane v. State of Delaware,*** No. 448, 2015, as it remains on file and of record in said Court.

                                      **IN TESTIMONY WHEREOF,**

                                        I have hereunto set my hand and affixed the seal of said Court at Dover this 5th day of April A.D. 2016.

                                        */s/ Cathy L. Howard*
                                        Clerk of Supreme Court

*Thoma_ ___* MAIL

# 004276

MES T. VAUGHN CORRECTIONAL CENTER
1 PADDOCK ROAD
YRNA, DELAWARE 19977

US POSTAGE PITNEY BOWES

ZIP 19977
02 1W $ 003.04
0001379774 MAY 17, 201

FILED
MAY 19 2016
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

U. S. DISTRICT COURT
844 KING ST.
ROOM 4209
UNIT 18
WILM., DE. 19801

U.S.M.S.
X-RAY