IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

THOMAS F. KANE,

        Petitioner,

v.

        Civil Action No. 16-373-CFC

DANA METZGER, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

        Respondents.[1]

---

Thomas F. Kane. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**[2]

May 30, 2019
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

[2] This case was originally assigned to the Honorable Sue L. Robinson, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Thomas F. Kane's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and his Amended Petition (hereinafter referred to as "Petition"). (D.I. 1; D.I. 8) The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 17; D.I. 25) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I.  **FACTUAL BACKGROUND**

The facts leading to Petitioner's arrest and convictions are as follows:

> [Petitioner] was arrested in December 2006 and charged with capital murder in the stabbing death of his wife. The crime was witnessed by the parties' nine-year-old son. [Petitioner] was arrested in possession of two bloody knives and a screwdriver while fleeing the scene. He confessed to the crime. He pled guilty but mentally ill on February 29, 2008 to one count each of Murder in the First Degree, Burglary in the First Degree, Endangering the Welfare of a Child, and Criminal Contempt of a Protection from Abuse Order. In exchange for his plea, the State dismissed ten other criminal charges, including murder and weapon offenses, and agreed to recommend a life sentence instead of seeking the death penalty. The Superior Court immediately sentenced [Petitioner] to life imprisonment plus an additional term of twenty-seven years on all four convictions. [Petitioner] did not file a direct appeal.

*Kane v. State*, 135 A.3d 308 (Table), 2016 WL 1165949, at *1 (Del. Mar. 17, 2016).

On August 10, 2010, Petitioner filed a motion to modify his sentence, which the Superior Court denied on October 22, 2010. (D.I. 17) Petitioner did not appeal that decision.

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on April 17, 2012, which the

Superior Court refused on May 8, 2012 for being non-compliant with Rule 61. (D.I. 20-1 at 10) Petitioner filed a new *pro se* Rule 61 motion on May 22, 2012 alleging, *inter alia*, claims that his plea was coerced, the State engaged in prosecutorial misconduct, and defense counsel provided ineffective assistance. (D.I. 17 at 3) On June 12, 2013, a Delaware Superior Court Commissioner issued a report recommending that the Rule 61 motion be denied as procedurally barred. *Id*.

Meanwhile, on June 26, 2013, the Superior Court granted Petitioner's request for the appointment of counsel. (D.I. 17 at 4) On February 26, 2014, the Superior Court ordered appointed counsel to either file an amended Rule 61 motion or to seek to withdraw as counsel. *Id*. Post-conviction counsel filed a motion to withdraw, which the Superior Court granted, and Petitioner filed an amended Rule 61 motion on December 24, 2014. (D.I. 17 at 4, n. 8)

On July 23, 2015, the Superior Court issued an order explaining that it had improvidently granted Petitioner's request to amend his Rule 61 motion after the Commissioner's June 2013 report, and concluded that the amended Rule 61 motion should be treated as second Rule 61 motion. (D.I. 17 at 4) In that same July 23, 2015 order, the Superior Court also: (1) adopted the Commissioner's June 2013 report; (2) denied Petitioner's first Rule 61 motion as both procedurally barred and meritless; and (3) denied Petitioner's second Rule 61 motion as time barred. (D.I. 17 at 4; D.I. 20-3 at 5-8; D.I. 20-4 at 4) The Delaware Supreme Court affirmed the Superior Court's decision on March 17, 2016. *See Kane*, 2016 WL 1165949, at *3.

2

In May 2016, Petitioner filed the instant Petition asserting the following grounds for relief: (1) defense counsel provided ineffective assistance during all stages of the trial proceedings (D.I. 1 at 14); (2) the Superior Court violated Petitioner's due process right by failing to hold a second competency hearing to assess his mental state before accepting Petitioner's guilty plea (D.I. 4 at 7); (3) Petitioner did not voluntarily and knowingly enter into the plea because he was not competent to do so at the time (D.I. 4 at 9); (4) Petitioner was unable to assist defense counsel because he was under the influence of psychotropic medication (D.I. 8 at 3); and (5) defense counsel did not investigate the defense of extreme emotional defense (D.I. 4 at 9).

## II. ONE-YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or
>    claims presented could have been discovered through the
>    exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. See Holland v. Florida, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). In this case, since Petitioner did not file a direct appeal, his judgment of conviction became final on March 31, 2008, thirty days after he was sentenced. Applying the one-year limitations period to that date, Petitioner had until March 31, 2009 to timely file a habeas petition. See Wilson v. Beard, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); Phlipot v. Johnson, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, i.e., the limitations period expires on the anniversary of the date it began to run). Petitioner,

4

however, did not file the instant Petition until May 3, 2016,[3] approximately seven years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner filed his motion for modification of sentence on August 10, 2010 and his Rule 61 motion on May 22, 2012. Neither motion statutorily tolls the limitations period, because they were filed after AEDPA's limitations period expired in March 2009. Accordingly, the Petition is time-barred, unless equitable tolling applies.

---

[3]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (May 3, 2016) as the date of filing. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003).

5

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner appears to contend that defense counsel's failure to provide him with written information about the appeal process constitutes an extraordinary circumstance for equitable tolling purposes. His argument is unavailing. The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary

6

circumstance for equitable tolling purposes.[4] *See Holland*, 560 U.S. at 635-54. Qualifying "egregious errors" include instances where an attorney fails to file an appeal after an explicit request from the petitioner,[5] affirmatively misrepresents that he has or will do something on the petitioner's behalf,[6] or persistently neglects or abandons the petitioner's case. *See Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Here, Petitioner has not alleged or demonstrated that counsel ignored an explicit request to file an appeal, that counsel falsely stated they filed a direct appeal on Petitioner's behalf, or that counsel neglected his case. Moreover, during the guilty plea colloquy and on the truth-in-sentencing form, Petitioner acknowledged that he was knowingly and intelligently waiving his right to appeal his conviction by pleading guilty. (D.I. 18 at 14 n.45; D.I. 20 at 24; D.I. 20-3 at 43) Since Petitioner knowingly waived his right to appeal, the Court cannot conclude that counsel's alleged failure to provide written information to Petitioner about the appeal process constituted an egregious error for tolling purposes.

Nevertheless, Petitioner attempts to avoid this conclusion by referencing the recent Supreme Court decision, *Class v. United States*, 138 S.Ct. 798 (2018). (D.I. 32; D.I. 34) The issue in *Class* was "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." *Class*, 138 S.Ct. at 803. The Supreme Court held that Class' guilty plea did

---

[4]*See Holland*, 560 U.S. at 635-54.

[5]*See Velazquez v. Grace*, 277 F. App'x 258, 259 (3d Cir. 2008).

[6]*See Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004).

not waive his right to challenge the constitutionality of the statute of conviction on direct appeal, because a guilty plea does not waive a defendant's right to raise a claim "which, judged on its face [and] based upon the existing record, would extinguish the government's power to constitutionally prosecute the defendant if the claim were successful." *Class*, 138 S.Ct. at 806.

Petitioner's reliance on *Class* is misplaced. The *Class* Court "merely held that a guilty plea does not bar a subsequent challenge to the constitutionality of the statute a defendant was convicted of violating." *United States v. Bulaman*, 745 F. App'x 468, 469 (3d Cir. 2018). In this case, Petitioner did not pursue a direct appeal, he does not allege that the Delaware Supreme Court improperly prevented him from appealing and raising certain claims, and the claims in the Petition do not implicate "the very power of the State to prosecute" him. *Class*, 138 S.Ct. at 803. Given these circumstances, *Class* does not provide a basis for finding that defense counsel committed an egregious error by allegedly failing to inform Petitioner about the appeal process.

Similarly, to the extent Petitioner's reference to the "ineffective assistance of counsel on collateral review" and *Martinez v. Ryan*, 566 U.S. 1 (2012) should be construed as an attempt to trigger equitable tolling, the argument is unavailing. (D.I. 30 at 1; D.I. 31 at 26-32) By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact or excuse a petitioner's obligation to comply with AEDPA's limitations period. Relatedly, he has failed to demonstrate that any alleged ineffectiveness on the part of defense counsel actually prevented him from

filing the instant Petition in a timely fashion, especially since he was able to file the instant Petition on his own.

Finally, Petitioner has not demonstrated that he exercised reasonable diligence in pursuing his claims. Petitioner does not explain why he waited approximately two and one-half years after his conviction to file his motion for sentence modification and then more than one and one-half years after that to file his Rule 61 motion. Petitioner also does not explain why he waited approximately seven years after his conviction became final before presenting his Petition in this Court. These unexplained lapses of activity demonstrate a lack of reasonable diligence on Petitioner's part.

For all of these reasons, the Court concludes that the facts as presented by Petitioner do not warrant the application of the equitable tolling doctrine. Accordingly, the Court will dismiss the instant Petition as time-barred.[7]

## III. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. See 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner's habeas Petition must be denied as time-barred. Reasonable jurists would not find the Court's

---

[7]Having determined that the Petition is time-barred, the Court will not address the State's additional reasons for dismissing the Petition.

assessment of Petitioner's constitutional claims to be debatable or wrong. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the instant Petition. An appropriate Order will be entered.