IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS KANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 16-373-CFC |
| ) | |
| ROBERT MAY, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents.[1] ) | |

**MEMORANDUM**

I.  **INTRODUCTION**

In December 2006, Petitioner was arrested and charged with capital murder in the stabbing death of his wife. Petitioner pled guilty but mentally ill in February 2008 to one count of first degree noncapital murder, one count of first degree burglary, one count of criminal contempt of a Family Court protection from abuse order, and one count of endangering the welfare of a child. *See Kane v. Smith*, 135 A.3d 308 (Table), 2016 WL 1165949, at *1 (Del. Mar. 17, 2016).

After the disposition of two post-conviction proceedings in the Delaware state courts, Petitioner filed a habeas Petition in this Court. (D.I. 1) In May, 2019, the Court denied the Petition as time-barred. (D.I. 35; D.I. 36) In August 2020, Petitioner filed a

---

[1] The Court has substituted Warden Robert May for former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(D).

Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (D.I. 37)

## II.  STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[2] but may be granted only in extraordinary circumstances. *See*

---

[2] *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III. DISCUSSION

Petitioner filed his motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). To the extent the Motion is filed pursuant to Rule 59(e), it is time-barred, because it was filed a little more than one year and two months after the

3

entry of the Court's judgment in May 2019. See Fed. R. Civ. P. 59(e) (a "motion to amend a judgment must be filed no later than 28 days after the entry of the judgment.").

To the extent the Motion is filed pursuant to Rule 60(b), the Court must first determine if the motion constitutes a "true" motion for reconsideration, or if it constitutes a second or successive habeas application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Gonzalez, 545 U.S. at 529-30. In his Motion, Petitioner contends that he is entitled to Rule 60(b) relief because the Delaware Superior Court's failure to hold a competency hearing prior to his pleading "guilty but mentally ill to first degree murder": (1) deprived him of his rights under the Sixth and Fourteenth Amendments and violated various Supreme Court (D.I. 37 at 1-2); and (2) was contrary to clearly established federal law as set forth in Lee v. United States, 137 S.Ct 1958 (2017) and Garza v. Idaho, 139 S.Ct. 738 (2019) (D.I. 37 at 11-12). These arguments attack Petitioner's underlying conviction and not the manner in which the Court's denial of his § 2254 Petition was procured. Consequently, the Court must treat the Motion as a second or successive § 2254 petition.

There is no indication that Petitioner has obtained authorization to file a second or successive § 2254 petition from the Third Circuit Court of Appeals. Therefore, the Court will dismiss the instant Rule 60(b) Motion for lack of jurisdiction.[2] See Rule 9, 28 U.S.C. foll. § 2254; 28 U.S.C. § 2244(b)(1).

---

[2]The Court concludes that it would not be in the interest of justice to transfer the instant Motion to the Court of Appeals for the Third Circuit, because nothing in the Motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).

4

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.


Dated: March 4, 2021                                  _____
                                                      UNITED STATES DISTRICT JUDGE